UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **$434,117.83 IN U.S. CURRENCY SEIZED FROM JP MORGAN CHASE ACCOUNT 926026961,** ) <br> ) <br> **$4,790.58 IN U.S. CURRENCY SEIZED FROM JP MORGAN CHASE ACCOUNT 201049281,** ) <br> ) <br> **$395,640.00 IN U.S. CURRENCY SEIZED FROM JP MORGAN CHASE ACCOUNT 858935997,** ) <br> ) <br> **$784,690.00 IN U.S. CURRENCY SEIZED FROM JP MORGAN CHASE ACCOUNT 5886671979,** ) <br> ) <br> **$392,308.62 IN U.S. CURRENCY SEIZED FROM TRUIST BANK ACCOUNT 1470018378930,** ) <br> ) <br> **$259,690.00 IN U.S. CURRENCY SEIZED FROM PNC BANK ACCOUNT 1243873177, and** ) <br> ) <br> **$20,435.15 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT 374007955907,** ) <br> ) <br> **Defendants.** ) | **Case No: 2:24-CV-** <br><br> **Judges** |

## AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT *IN REM*

Page **1** of **19**

I, Jeff McMickle, being first duly sworn, states that the following is true and correct to the best of my knowledge:

**Professional Training and Experience of Affiant**

1. I am a Special Agent with the United States Secret Service ("USSS") and have been so employed for over 19 years. During my tenure with the USSS, I have been assigned to investigate violations of federal laws, including violations of Title 18 of the United States Code, particularly those related to the passing of counterfeit United States currency and wire fraud. I received training at the Federal Law Enforcement Training Center in Glynco, Georgia and the James J. Rowley Secret Service Training Center in Beltsville, Maryland on the criminal investigation of counterfeit currency, bank fraud, money laundering, wire fraud, access device fraud, and identity theft. During my employment with the USSS, I have conducted investigations resulting in the arrest of suspects and seizures of crime proceeds. I am an investigative and law enforcement officer of the United States authorized by law to conduct investigations and make arrests for felony offenses under authority of 18 U.S.C. § 3056.

2. I have experience in the execution of financial documentary seizure warrants, the debriefing of defendants, witnesses, informants, and other persons who have knowledge of the amassing, spending, converting, transporting, distributing, laundering and concealing the proceeds of illegal activities. In connection with my official duties as a Federal Law Enforcement Officer, I have been assigned or assisted with investigations involving tax fraud, mail fraud, wire fraud, bank fraud, money laundering and other financial fraud in violation of Titles 18, 26 and 31 of the United States Code. Many of the investigations in which I have

participated have resulted in the arrest, prosecution and conviction of individuals who have committed these crimes.

3. The following information is based on my own personal observations and knowledge, as well as information provided by Agents/Investigators from the USSS, interviews conducted with witnesses; and from documents and sources noted herein. This affidavit does not contain all of the information known to law enforcement regarding this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the Verified Complaint *In Rem* and does not set forth all of my knowledge about this matter.

## Probable Cause

4. Based on my training, experience, and background as a Special Agent for the USSS and the facts set forth below, I have probable cause to believe that John Crowson, Janet Browning, and others (hereinafter referred together as "the Perpetrators"), have committed violations of 18 U.S.C. §§ 1343 (Wire Fraud), 1956, and/or 1957 (Money Laundering). There is reasonable cause to believe that the Perpetrators have perpetrated a business email compromise ("BEC") fraud scheme[1] against Johnson County Board of Education (hereinafter referred to as the "Victim"). Through fraudulent communication, the Perpetrators were able to redirect Tennessee Investment in Student Achievement ("TISA") funds, that were intended to purchase online curriculum/materials, from the Victim and redirect them to the fraudulent defendant

---

[1] A business email compromise scheme ("BEC") is a scam that targets businesses, often those that work with foreign or domestic suppliers and/or businesses that regularly perform wire transfer payments. A BEC scheme is often carried out by compromising legitimate business email accounts through social engineering or computer intrusion techniques to conduct an unauthorized transfer of funds. The goal of mot BECs is to steal money through fraud and deceit.

Case 2:24-cv-00166-DCLC-CRW   Document 1-2   Filed 09/05/24   Page 3 of 19   PageID #: 9

accounts. Communication between the Victim and the Perpetrators was primarily via email and through Tina Lipford ("Lipford"), the finance director for the Victim, and who Lipford believed to be the Pearson Account Representative, Brian Leap ("Leap"). In or about March 18, 2024, the Perpetrators began the BEC fraud scheme with an email that appeared to be from Leap to Lipford. On or about April 18, 2024, based on previous fraudulent emails, Lipford initiated two wire transfers through Farmers State Bank in the amounts of $2,000,000.00 and $1,362,215.55 with the beneficiary listed as Pearson dba 7 Oak Training LLC. The payments were deposited into Wells Fargo Bank account number ending 'x8636, titled in the name 7 Oaks Training LLC. Before Lipford realized the email from who she believed to be Leap was a fraudulent email address used by the Perpetrators to impersonate Leap, the wired funds into Wells Fargo Bank account number ending '8636, had been moved from that account into at least one of the defendant accounts. Through a series of checks and online transfers, the funds deposited in the Wells Fargo Bank account number ending x8636 by Lipford, was eventually dispersed to all of the defendant accounts.

**Property for Forfeiture**

5. This affidavit supports the civil forfeiture of the following defendant accounts:

    a. $434,117.83 in U.S. currency seized from JP Morgan Chase Account 926026961;

    b. $4,790.58 in U.S. currency seized from JP Morgan Chase Account 301049281;

    c. $395,640.00 in U.S. currency seized from JP Morgan Chase Account 858935997;

    d. $784,690.00 in U.S. currency seized from JP Morgan Chase Account 586671979;

    e. $392,308.62 in U.S. currency seized from Truist Bank Account 1470018378930;

    f. $259,690.00 U.S. currency seized from PNC Bank Account 1243873177; and

Page **4** of **19**

Case 2:24-cv-00166-DCLC-CRW   Document 1-2   Filed 09/05/24   Page 4 of 19   PageID #: 10

g. $20,435.15 in U.S. currency seized from Bank of America Account 374007955907.

6. Based on the information developed throughout this investigation and set out in this affidavit, I believe the defendant accounts constitute proceeds traceable to violations of 18 U.S.C. § 1343 (Wire Fraud) and are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and constitutes proceeds traceable to violations of 18 U.S.C. §§ 1956 and/or 1957 (Money Laundering) and are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## Background of Investigation

1. Johnson County Board of Education (the "Victim") is responsible for the management of public schools located in Johnson County, Tennessee, with offices located in Mountain City, Tennessee. The Perpetrators in this case participated in a BEC fraud scheme with the intent to deceive the Victim into believing they were communicating with a representative of Pearson, a leading company in digital/virtual courses and textbooks, with whom the Victim had a standing contract and had made prior payments to on a monthly basis. Through this fraudulent communication, the Perpetrators were able to redirect Tennessee Investment in Student Achievement ("TISA") funds intended to purchase online curriculum/materials from Pearson to the fraudulent defendant accounts identified in this investigation.

2. Communication between the Victim and Pearson was primarily via email and through Tina Lipford ("Lipford") - Finance Director for Johnson County Board of Education and Pearson Account Representative, Brian Leap ("Leap").

3. On March 18, 2024, Lipford received an email from who she believed to be Leap. A subsequent investigation would reveal the email came from the fraudulent address of

brian.leap@pearson.quest. The true email address for Leap, and those received by Lipford prior to March 18, 2024, came from brian.leap@pearson.com. The fraudulent address was not initially caught because the link to the full address was hidden behind Leap's name only. In the email, Leap stated the following: "Please note that we recently transitioned to a new merchant and would be accepting payments only by either ACH or WIRE transfers. Let me know if you are set up to pay by ACH or WIRE transfer so I can forward our banking information to you."

4. On March 19, 2024, Lipford sent an email response to brian.leap@pearson.quest stating the county does not have the ability to make ACH payments but could write a check to a local bank and they in turn could make payment by wire. Lipford stated there would be a fee associated with this payment method that Pearson would be responsible for paying.

5. On March 20, 2024, Leap replied from brian.leap@pearson.quest stating: "ACH transfers are usually free, but if they are paying via WIRE then the virtual school will be responsible for the fee. Find attached our banking information for both ACH and WIRE transfer." Attached in the email was a document with Wells Fargo Bank letter head dated 03/20/24. Included in the document were the supposed banking instructions for Pearson as confirmed by Wells Fargo Bank, however, later investigation would reveal this to be a fraudulent bank account. The Wells Fargo Bank account number provided for Pearson in the letter was account number ending '8636.

6. On March 21, 2024, Leap sent a follow up email to Lipford from brian.leap@pearson.quest stating: "Just a friendly reminder you got our baking (sp) information, Please confirm you have received it?" That same day, Lipford replied stating she received the banking information and would send payment by wire transfer.

7.   On April 4, 2024, Lipford received another email from brian.leap@pearson.quest stating: "Ok, thank you. Please let me know when the payment date will be or when your payment run will be.  So we can keep an eye on our new account to make sure everything runs smoothly."

8.   On April 9, 2024, Lipford received another email from  brian.leap@pearson.quest stating: "Just keeping in touch to see if you have any update on my last email?"

9.   On April 18, 2024, unaware at this point that she was not communicating with the real Brian Leap, Lipford initiated two wire transfers through Farmers State Bank in the amounts of $2,000,000.00 and $1,362,215.55 with the beneficiary listed as Pearson dba 7 Oak Training LLC.  The payments were deposited into Wells Fargo Bank account number ending in x8636, titled in the name 7 Oaks Training LLC.

10.   On April 30, 2024, Farmers State Bank was contacted by Truist Bank about possible fraudulent activity in one of their customer accounts that traced back to the wires originating from Farmers State Bank on April 18, 2024.  Farmers State Bank notified Johnson County Schools Director, Mischelle Simcox ("Simcox"), who immediately requested a recall of the original wires, unfortunately most of the funds had already been moved out of Wells Fargo Bank account number ending x8636.  During this period of investigation, the Victim became aware of the fraudulent email address used by the perpetrators to impersonate Leap.  Simcox contacted their cyber carrier, Great American Insurance Group, to activate an investigation into a possible breach of their network, notified Pearson of a potential breach within their own network,

and filed a report on Internet Crime Complaint Center ("IC3"), the FBI's Internet Crime Complaint Center.[2]

11. On May 1, 2024, I was contacted by a Wells Fargo Bank investigator regarding this case. The investigator provided the following information: On April 18, 2024, Wells Fargo Bank account number ending in x8636 received two wire transfers in the amounts of $2,000,000.00 and $1,362,215.55. The wire transaction statement revealed the wires originated with Farmers State Bank customer Johnson County Board of Education, account number ending in x1595. Wells Fargo Bank account number ending x8636, a business checking account opened April 18, 2023, is held in the name of 7 Oaks Training LLC located at 509 S. Exeter St., Suite 202, Baltimore, MD 21202, with a sole signer listed on the account by the name of John Crowson ("Crowson"). Crowson also has a business savings account with Wells Fargo Bank, account number ending x2119, also titled 7 Oaks Training LLC. Crowson provided a personal address of 5982 FM 1280 West, Lovelady, TX 75851 for both accounts and both accounts were opened by Crowson at the Wells Fargo branch located at 11522 Eagle Dr, Mont Belvieu, TX 77523.

12. Before Wells Fargo Bank could restrict account number ending in x8636, Crowson was able to deplete the account through wire transfers, online transfers and issued checks, to include the following:

    a) 04/19/24 – $162,000.00 online transfer to Wells Fargo Bank account number ending x2119 (7 Oaks Training LLC).

---

[2] *See* Internet Crime Complaint Center (IC3) | Home Page

Page **8** of **19**

Case 2:24-cv-00166-DCLC-CRW   Document 1-2   Filed 09/05/24   Page 8 of 19   PageID #: 14

b) 04/19/24 - $660,000.00 check (#0099) payable to 7 Oaks Training LLC and deposited at J.P. Morgan Chase Bank Account 926026961.

c) 04/22/24 – $500,000.00 online transfer to Wells Fargo Bank account number ending x2119 (7 Oaks Training LLC).

d) 04/22/24 – $1,000,000.00 online transfer to Wells Fargo Bank account number ending x2119 (7 Oaks Training LLC).

e) 04/23/24 – $500,000.00 online transfer to Wells Fargo Bank account number ending x2119 (7 Oaks Training LLC).

f) 04/23/24 - $24,598.78 wire transfer to Bank of America account number ending x4147 held in the name of 7 Oaks Training LLC.

g) 04/24/24 - $6,000.00 wire transfer to Bank of America account number ending x4147 held in the name of 7 Oaks Training LLC.

h) 04/24/24 - $400,000.00 check (#0100) payable to Omoberosha, LLC and deposited at Truist Bank Account 1470018378930.

i) 04/25/24 - $1,750,000.00 was returned back to Wells Fargo Bank account number ending x8636 via two online transfers from the associate business savings account number ending x2119.

j) 04/25/24 - $784,690.00 check (#1001) payable to Intut, LLC and deposited at J.P. Morgan Chase Bank Account 586671979.

k) 04/25/24 - $395,640.00 check (#1002) payable to Janet Browning and deposited at J.P. Morgan Chase Bank Account 858935997.

l) 04/25/24 - $259,690.00 check (#1004) payable to Time Mastermind Consulting LLC and deposited at PNC Bank Account 1243873177.

m) 04/29/24 – $300,000.00 online transfer to Wells Fargo Bank account number ending x2119 (7 Oaks Training LLC).

13. The Wells Fargo Bank investigator stated Crowson depleted account number ending x2119 primarily through online transfers back to Wells Fargo Bank account number ending x8636 and several wire and online transfers to other financial institutions to include the following:

a) 04/22/24 - $25,000.00 wire transfer to Bank of America account number 488123954147 held in the name of 7 Oaks Training LLC.

b) 04/22/24 - $25,000.00 online transfer to J.P. Morgan Chase Bank account number 926026961 held in the name of 7 Oaks Training LLC.

c) 04/23/24 - $400.00 wire transfer to J.P. Morgan Chase Bank account number 926026961 held in the name of 7 Oaks Training LLC.

d) 04/24/24 - $19,000.00 wire transfer to J.P. Morgan Chase Bank account number 926026961 held in the name of 7 Oaks Training LLC.

e) 04/24/24 - $10,000.00 online transfer to J.P. Morgan Chase Bank account number 926026961 held in the name of 7 Oaks Training LLC.

    f)  04/25/24 - $4,900.00 online transfer to J.P. Morgan Chase Bank account number 926026961 held in the name of 7 Oaks Training LLC.

  14.  On April 30, 2024, Wells Fargo Bank restricted both 7 Oaks Training LLC accounts (x8636 and x2119) with a combined remaining balance of approximately $742,000.00 which will be returned to the Victim's bank through a hold harmless letter.

  15.  On May 7, 2024, I spoke to a J.P. Morgan Chase Bank investigator regarding this investigation. The investigator confirmed, between the dates of 04/19/24 – 04/25/24, J.P. Morgan Chase Bank account number 926026961 received $719,300.00 from Wells Fargo Bank account ending x8636 and ending x2119, which includes the $660,000.00 check (#0099) payable to 7 Oaks Training LLC. The investigator stated account number 926026961 is held in the name of 7 Oaks Training LLC with a sole signer listed as John Crowson. Crowson provided a different address from his Wells Fargo Bank accounts, 3845 County Road 3400, Lovelady, TX 75851. Upon notification of the fraudulent activity from Wells Fargo Bank, J.P. Morgan Chase Bank restricted account number 926026961 with a remaining balance of approximately $434,000.00. Crowson had already significantly depleted the account through various means to include online transfers to his personal account at Chase, account number 301049281, titled as John Wylie Crowson.

  16.  Between 04/24/24 – 05/01/24, Crowson transferred $41,000.00 from J.P. Morgan Chase Bank 926026961 (7 Oaks Training LLC) to account number 301049281 (John Wylie Crowson). Before this account could be restricted, Crowson partially depleted the account leaving a recoverable balance of approximately $4,700.00.

  The Chase Bank investigator confirmed Wells Fargo Bank check number (#1001) in the

amount of $784,690.00, issued from Wells Fargo Bank account number ending x8636 and payable to Intut, LLC, was deposited into J.P. Morgan Chase Bank account number 586671979, held in the name of Intut, LLC. The investigator said Teresa Thompson ("Thompson"), located in Azle, TX, was the only signer on the account. Further investigation revealed Thompson had opened multiple accounts at other financial institutions under the name Intut, LLC. Activity in these accounts is suspicious and consistent with money mule/laundering activity. This account was restricted before Thompson could deplete the account allowing for a full recovery of the funds.

The Chase Bank investigator also confirmed Wells Fargo Bank check (#1002) in the amount of $395,640.00, issued from Wells Fargo Bank account number ending x8636 and payable to Janet Browning ("Browning") was deposited into J.P. Morgan Chase Bank account number 858935997, held in the name of Browning. Browning, who is located in Sun City, AZ, is the only signer on the account. Chase was able to restrict this account before any of the funds were moved.

Attachment A is a flow chart of the transfer of funds.

17.     On May 7, 2024, I spoke to a PNC Bank investigator who confirmed Wells Fargo Bank check (#1004) in the amount $259,690.00, issued from Wells Fargo Bank account number ending x8636 and payable to Time Mastermind Consulting LLC, was deposited into PNC Bank account number 1243873177, held in the name of Time Mastermind Consulting, LLC. The investigator stated the account was just recently opened in February 2024 and had a sole signer on the account listed as Leslie Yancey ("Yancy"), located in Largo, FL. Time Mastermind Consulting LLC was registered in the state of Florida on November 7, 2023, and has a primary

address listed as 7901 4th St. N., STE 300, St. Petersburg, FL 33702. Yancy is listed as the authorized member. Further investigation of Yancy revealed he was previously identified by another financial institution as someone receiving funds derived from an unauthorized account take over in 2023.

18. On May 8, 2024, I spoke with a Truist Bank investigator who confirmed Wells Fargo Bank check (#0100) in the amount $400,000.00, issued from Wells Fargo Bank account number ending x8636 and payable to Omoberosha, LLC, was deposited into Truist Bank account number 1470018378930, held in the name of Omoberosha, LLC. The investigator said April Berry ("Berry"), located in Milford, VA, was the listed sole signer on the account. Further investigation revealed Berry was identified in a previous investigation involving fraudulent funds received into a Cash App account in her name and the subsequent purchase of Bitcoin. The activity was deemed suspicious, and Berry's accounts were closed. Omoberosha is an active domestic limited-liability company in the state of Virginia with a filing date of January 18, 2024. Berry is the registered agent.

19. On May 9, 2024, I spoke with Crowson over the telephone. Crowson is seventy-six (76) years old, resides in Lovelady, TX, and is currently employed with the Texas Department of Criminal Justice as a security guard. Crowson admitted to opening Wells Fargo Bank account numbers ending in x8636 and ending in x2119 in the name of 7 Oaks Training LLC and receiving the two wires from Farmers State Bank into account number ending x8636. Crowson claimed he was following instructions given to him by his fiancé. Crowson claimed he met a female, at a friend's party in the Houston area, named Holly Seefeldt ("Seefeldt"). Crowson was very vague about who had the party and where it took place, however, he claimed

he met Seefeldt in person sometime in late 2022 and began seeing her afterwards. Crowson described Seefeldt as a Caucasian female in her mid-fifties with blonde hair and said she carried an Italian passport, however, did not have a foreign accent. Crowson claimed Seefeldt told him she lived in El Paso, TX, but was visiting a friend in the Houston area. Crowson said he only saw her in person a couple of times before she told him she had to go overseas to take care of unfinished business from her father. Seefeldt claimed her father was in the antiques and art business and helped wealthy individuals buy and sell items through consignment. Seefeldt told Crowson her father recently passed away and had left some consignment items in Turkey that needed her attention. Shortly after Seefeldt left Texas, she told Crowson she had lost her phone and could only communicate with him by email and the What's Up App. While claiming to be in Turkey, Seefeldt told Crowson her father had left her an inheritance that she was trying to transfer over to a US Bank, however it was hung up in a bank in England due to a tax issue. Seefeldt claimed she could not leave Turkey and needed Crowson's help in the transfer of the money. Crowson claimed it was Seefeldt who asked him to open the Wells Fargo Bank business accounts to receive the inheritance money on her behalf. Crowson said he already had a company named 7 Oaks Training, LLC, a fire prevention training company, and just used the same name for the accounts. Crowson said Seefeldt then instructed him to write the checks and send the wire transfers as previously listed. Crowson said he never questioned Seefeldt and only wanted to help someone. Crowson claimed he has also given an undisclosed amount of his own money to Seefeldt. Crowson claimed Seefeldt's email address is rdarir.llc@gmail.com.

20. On May 9, 2024, I spoke with Browning over the telephone. Browning claimed she did not know Crowson and did not deposit the Wells Fargo Bank check issued in her name.

Browning claimed she met a man named Michael Wilkens ("Wilkens") a few years ago through the online What's Up App. Browning said she has never met Wilkens in person but had previous video chats with him and described him as middle aged, heavy set and balding with no foreign accent. Browning claimed Wilkens was a contractor in the railroad industry and worked up in Montana. At some point in their online relationship, Wilkens told Browning he did not have a checking account and needed help depositing money he received as payment on a job. Wilkens told Browning that she could keep $10,000.00 if she would help him by depositing the check into her personal account. Browning said Wilkens told her the check would come from Crowson and 7 Oaks Training, LLC who he claimed was his employer. Browning admitted to providing her bank information to Wilkens so he could deposit the check directly. Browning said Wilkens' email address is sole.proprietorship@skiff.com. Browning was provided a money mule warning letter, which she signed and returned.

21. On May 15, 2024, I spoke with Berry over the telephone. Berry admitted she did receive Wells Fargo Bank check (#0100) in the amount $400,000.00, issued from Wells Fargo Bank account number ending x8636 and payable to Omoberosha, LLC. Berry claimed it was sent to her in the mail which she took and deposited into her Truist Bank account number 1470018378930. Berry claimed she did not know Crowson or 7 Oaks Training, LLC and was only told to take the check and deposit it. Berry initially tried to say she was starting a travel security business and the check was payment for a job, however, when pressed, she admitted she had been approached online by an unnamed person to open an account and receive money into it. Berry claimed she was instructed to move the money out once it was in the account. Berry was being somewhat deceptive as she would not provide any names or details regarding the

communication. Berry claimed she was going through a rough spot in life and needed the money. Berry claimed she was offered ten percent of the money she received into her account and then transferred out. Berry claimed she communicated with the suspect via the number (413) 847-6221.

22. On May 15, 2024, I spoke with Thompson who admitted she was the owner of J.P. Morgan Chase Bank account number 586671979, titled in the name of Intut, LLC. Thompson claimed the account was originally opened by her and her two brothers to start a construction business that involved flipping houses, however, that business never got started. Thompson claimed she met a man online through a Facebook dating App that goes by the name Owen "Max" Wilson ("Wilson"). Thompson claimed she met the man about two years ago and believed their relationship was romantic in nature. Thompson admitted she never met him in person and that he claimed to live in Kentucky. Wilson claimed to be a civil engineer working in Ohio. He told Thompson he wanted to start a business with her that involved investments. Wilson claimed he met a woman name "Margaret" who worked for Binance. Margaret was willing to provide some clients to Wilson who would in turn provide funding to him for investment purposes. Wilson asked Thompson to use her J.P. Morgan Chase bank account to receive this investor money which they in turn would invest in cryptocurrency on behalf of the client. Thompson believed the Wells Fargo Bank check (#1001) in the amount of $784,690.00, issued from Wells Fargo Bank account number ending x8636, was client money sent for investment. Thompson admitted she had previously provided Wilson with her J.P. Morgan Chase Bank account information and that the check was deposited by him or someone else.

Page **16** of **19**

Case 2:24-cv-00166-DCLC-CRW   Document 1-2   Filed 09/05/24   Page 16 of 19   PageID #: 22

Thompson claimed she never saw the check or made the deposit. Thompson claimed she did not know John Crowson or 7 Oaks Training LLC.

On May 15, 2024, I spoke with a Bank of America investigator who confirmed between 04/22/24 – 04/24/24 Bank of America account number ending x4147, titled in the name 7 Oaks Training LLC, received three wire transfers totaling $58,598.78 from Wells Fargo Bank accounts ending x8636 and ending x2119. The investigator also confirmed the account was owned by John Crowson. The investigator advised Crowson had fully depleted the account that included an online transfer, in the amount of $20,000.00, on April 23, 2024, to Bank of America account number 374007955907, titled in the name Skent, LLC. This account also received a $25,000.00 wire transfer, on April 30, 2024, from J.P. Morgan Chase Bank account number 926026961 (7 Oaks Training, LLC). The investigator said the sole signer on the account was listed as Kwasi Nti Appiagyei Oppong ("Oppong"), located in Columbus, OH. The company itself is located at 5124 Magnolia Lake Dr., Apt. 311, Westerville, OH 43081. The investigator stated the account had been partially depleted and had a recoverable balance of approximately $20,000.00. Initial attempts to speak with Oppong have been unsuccessful.

7. In summary, beginning in March 2024 a business email compromise scheme targeting the Johnson County Board of Education, was partially successful in fraudulently transferring $3,362,215.55 to the defendant accounts of the Perpetrators. Prior to filing this complaint, $742,000.00 was recovered and will be returned to the Johnson County Board of Education.

## Conclusion

8. Based upon all the foregoing information, probable cause exists to believe that

Page **17** of **19**

Case 2:24-cv-00166-DCLC-CRW   Document 1-2   Filed 09/05/24   Page 17 of 19   PageID #: 23

defendant accounts constitute proceeds traceable to violations of 18 U.S.C. § 1343 (Wire Fraud) and are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and constitute proceeds traceable to violations of 18 U.S.C. § 1956 and/or 1957 (Money Laundering) and are subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

FURTHER THIS AFFIANT SAYETH NOT.

*Jeff McMickle*
Jeff McMickle Special Agent
United States Secret Service

STATE OF TEXAS

COUNTY OF BEXAR

On this __5th__ day of __September__ 2024, before me, personally appeared Jeff McMickle, in his capacity as a Special Agent with the United States Secret Service, to be known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF I have hereunto set my hand and Notarial Seal.

Subscribed to and sworn before me on this this __5__ day of __September__, 2024.

MELODIE ELISE MANSELL
Notary Public, State of Texas
Comm. Expires 02-22-2026
Notary ID 6476887

_Melodie Elise Mansell_
NOTARY PUBLIC

My Commission Expires: __2/22/2026__