# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$434,117.83 IN U.S. CURRENCY SEIZED )<br>FROM JP MORGAN CHASE ACCOUNT )<br>926026961, )<br>)<br>$4,790.58 IN U.S. CURRENCY SEIZED )<br>FROM JP MORGAN CHASE ACCOUNT )<br>201049281, )<br>)<br>$395,640.00 IN U.S. CURRENCY SEIZED )<br>FROM JP MORGAN CHASE ACCOUNT )<br>858935997, )<br>)<br>$784,690.00 IN U.S. CURRENCY SEIZED )<br>FROM JP MORGAN CHASE ACCOUNT )<br>5886671979, )<br>)<br>$392,308.62.00 IN U.S. CURRENCY )<br>SEIZED FROM TRUIST BANK )<br>ACCOUNT 1470018378930, )<br>)<br>$259,690.00 IN U.S. CURRENCY SEIZED )<br>FROM PNC BANK ACCOUNT )<br>1243873177, and )<br>)<br>$20,435.15 IN U.S. CURRENCY SEIZED )<br>FROM BANK OF AMERICA ACCOUNT )<br>374007955907, )<br>)<br>Defendants. ) | Case No: 2:24-CV-166<br><br>Judges Corker/Wyrick |

## REPORT AND RECOMMENDATION ON DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, has filed a Motion for Default Judgment and Final Order of Forfeiture in this matter pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

This matter has been referred to the undersigned for report and recommendation pursuant to 28

U.S.C. § 636(b)(1) and Order of Referral [Doc. 15] and is now ripe for review. For the reasons stated below, the undersigned **RECOMMENDS** that the United States' Motion [Doc. 14] be **GRANTED**.

I.  BACKGROUND AND PROCEDURAL HISTORY

   a. **Jurisdiction and Venue**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the United States seeks entry of default against the following defendants:

   a. $434,117.83 in U.S. Currency Seized from JP Morgan Chase Account 926026961,
   b. $4,790.58 in U.S. Currency Seized from JP Morgan Chase Account 201049281,
   c. $395,640.00 in U.S. Currency Seized from JP Morgan Chase Account 858935997,
   d. $784,690.00 in U.S. Currency Seized from JP Morgan Chase Account 5886671979,
   e. $392,308.62 in U.S. Currency Seized from Truist Bank Account 1470018378930,
   f. $259,690.00 In U.S. Currency Seized from PNC Bank Account 1243873177[1], and
   g. $20,435.15 in U.S. Currency Seized from Bank of America Account 374007955907.

(hereinafter "Defendant Properties"). The court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a). Additionally, the court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because at least some of the acts giving rise to the forfeiture occurred in this district. As a result, venue is also proper in this district.

---

[1] PNC issued cashier's check #488267, in the amount of $259,790.00 payable to the United States Secret Service. $100.00 of those funds will be returned to the account holder.

### b. Factual and Procedural Background

In March and April 2024, fraudulent communications were sent to the Johnson County Board of Education ("JCBOE") that resulted in the transfer of $3,362,215.55 of Tennessee Investment in Student Achievement ("TISA") funds being transferred to the creators of the fraudulent communications. [Doc. 1-2, p. 3-4]. At the time they were transferred, JCBOE believed it was sending these funds to Pearson, a company that provides digital/virtual coursebooks with whom JCBOE had a standing contract. *Id.* at p. 4-5. However, through fraudulent communications these funds were redirected from Pearson to a Wells Fargo bank account ending in 8636 titled in the name of 7 Oaks Training LLC. *Id.* at p. 6. A few days later, Farmers State Bank notified the JCBOE of possible fraudulent activity on its account. At that point, a request to recall the wire transfers was made, but most of the funds had already been moved out of the Wells Fargo account ending in 8636. *Id.* at p. 7.

An investigation was then undertaken, and on September 5, 2024, the United States filed a Verified Complaint *in Rem* [Doc. 1] against Defendant Properties alleging that Defendant Properties constitute or are derived from proceeds traceable to a violation of 18 U.S.C. §§ 1343, 1956, and/or 1957, i.e. wire fraud and money laundering. A Warrant of Arrest *in Rem* [Doc. 2] was issued, and Defendant Properties were arrested on September 9, 2024. [Doc. 7]. Defendant Properties are currently in the possession of the United States Secret Service. [Doc. 1, p. 3].

A Declaration of Publication [Doc. 8] was then filed stating that a notice of civil forfeiture for Defendant Properties was posted on an official government website (www.forfeiture.gov) for at least 30 consecutive days, specifically from September 7, 2024 to October 6, 2024, along with an Advertisement Certification Report. [Doc. 8-1]. Additionally, on September 9, 2024, a written notice of civil forfeiture against Defendant Properties with a copy of the Verified Complaint *in*

3

*Rem* was sent via certified mail and regular mail to Skent, LLC, Intut, LLC, Janet Browning, Omoberosha, LLC, John Wylie Crowson, 7 Oaks Training, LLC, and Time Mastermind Consulting, LLC. [Doc. 10]. The certified notices mailed to Omoberosha, LLC and Time Mastermind Consulting, LLC were returned as undeliverable. [Doc. 13-1, pp. 17, 27]. A follow-up notice was sent to Time Mastermind Consulting, LLC on or about October 21, 2024 [Doc. 13-1], but no follow-up notice was sent to Omoberosha, LLC because the United States was unable to locate any alternative address for Omoberosha, despite making reasonable efforts. [Doc. 23, p. 2].[2] However, the Court notes that the notice sent via regular mail to Omoberosha, LLC has not been returned, making it reasonable to conclude that it has been received. *Id.* at p. 3. The United States then filed a Request for Entry of Default [Doc. 9] on December 16, 2024, stating that no person or entity has filed a claim or answer to the Complaint and the time to do so had expired. The Clerk of Court entered default on March 14, 2025, as the identified potentially interested parties failed to "timely file a claim, answer, or otherwise defend this action as provided by Rule G(5)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure." [Doc. 12]. Subsequently, on March 18, 2025, the United States filed the instant Motion for Default Judgment and Final Order of Forfeiture [Doc. 14] along with a supporting affidavit [Doc. 14-1] which states that, upon information and belief, none of the persons or entities thought to have an interest in Defendant Properties is an infant,

---

[2] On March 17, 2025, the United States filed a Notice of Service [Doc. 13] reflecting that service had been effected on Skent, LLC, Intut, LLC, Janet Browning, John Wylie Crowson, 7 Oaks Training, LLC, and Time Mastermind Consulting. *See* [Doc. 13-1]. The Notice also reflected that the documents mailed to Omoberosha, LLC were returned to sender as not deliverable as addressed and unable to forward. [Doc. 13-1, p. 17].

incapacitated person, or presently serving in the United States military and none of the noticed parties have filed a claim or answer.[3]

## II. ANALYSIS

### a. Notice Requirement

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions contained within the Federal Rules of Civil Procedure governs forfeiture actions in rem arising from a federal statute. Rule G requires the government to provide two forms of notice in such actions: notice to the public via publication and direct notice to potential claimants. *See* Fed. R. Civ. P. Supp. R. G(4). The public notice requirement may be satisfied if, before an action is filed, notice of nonjudicial forfeiture was published on an official internet government forfeiture site for at least 30 consecutive days. Fed. R. Civ. P. Supp. R. G(4)(a). Here, notice of civil forfeiture for Defendant Properties was posted on an official government website (www.forfeiture.gov) from September 7, 2024 to October 6, 2024. Thus, the government has satisfied the notice to the public via publication requirement.

As to direct notice, Supplemental Rule G(4)(b) requires that a notice be provided by "means reasonably calculated to reach the potential claimant" and that the notice include: 1) the date the notice was sent; 2) the deadline for filing a claim;[4] 3) notification that an answer or motion pursuant to Rule 12 of the Federal Rules of Civil Procedure must be filed within 21 days of filing a claim; and 4) the name of the government attorney to be served with the claim and answer. Here,

---

[3] The original affidavit [Doc. 14-1] stated that no claim or answer has been filed by Justin Graham or Brittany Proffitt. The United States filed a supplemental affidavit explaining that the inclusion of the names of these individuals was a scrivener's error and neither Justin Graham nor Brittany Proffitt is associated with this litigation. [Doc. 21, p. 2]. Additionally, the supplemental affidavit verified that Skent, LLC, Intut, LLC, Janet Browning, John Wylie Crowson, 7 Oaks Training, LLC, Time Mastermind Consulting, and Omoberosha, LLC have not filed a claim or answer in this matter.

[4] The deadline must be at least 35 days after the date the notice was mailed. Fed. R. Civ. P. Supp. G(4)(b)(ii)(B).

5

the United States mailed notices that contained the requisite information on September 9, 2024, by both regular and certified U.S. mail, to the potential claimant's registered and/or last known addresses. [Doc. 13-1]. This satisfied the direct notice requirement. Accordingly, the United States has fulfilled its duty to provide notice. !

### b. Grounds for Default Judgment

Having determined that the United States has satisfied its notice requirements, the Court turns now to the grounds it has asserted for seeking entry of a default judgment. As noted above, direct notices were sent to all potential claimants in this case on September 9, 2024, and the notice advised that claims had to be filed within 35 days of that date.[5] The time for filing a claim is well passed, and no claims have been filed. "Because no party or person has filed a verified claim, they lack standing to contest this *in rem* forfeiture action." *United States v. Content up to $13,595.48 from Bitpay Account Numbers XXX and XXX in the Name of Scott Reed*, No. 3:23-CV-147-JRG-DCP, 2023 WL 9283975, at *2 (E.D. Tenn. Dec. 4, 2023) (quoting *United States v. One Hundred & Six Thousand, Nine Hundred & Four Dollars in U.S. Currency*, No. 19-CV-10589, 2019 WL 13242620, at *2 (E.D. Mich. July 31, 2019) (citing *United States v. Currency $267,961.07*, 916 F. 2d 1104, 1107 (6th Cir. 1990)); *United States v. One 2001 Cadillac Deville Sedan*, 335 F. Supp. 2d 769, 772 (E.D. Mich. 2004) ("[F]ailure to satisfy the Article III and statutory standing requirements precludes a claimant from contesting a government forfeiture action."))). The United States has further represented that none of the persons or entities thought to have an interest in Defendant Properties is an infant, incapacitated person, or presently serving in the United States military, i.e., no party appears to be able to assert grounds for an extension of the filing deadline.

---

[5] The Court is mindful that a follow up notice was sent to Time Mastermind Consulting, LLC on or about October 21, 2024. However, even calculating from this later date, the 35-day period for filing a claim has long since passed.

[Doc. 14-1]. Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Accordingly, the undersigned finds that the Clerk's Entry of Default was appropriately entered on March 14, 2025. [Doc. 12].

After the Clerk's entry of default, a party may "apply to the court for a default judgment." Fed. R. Civ. P. 55(b). Upon an application for default judgment, the court may conduct a hearing if it needs to 1) conduct an accounting; 2) determine the amount of damages; 3) establish the truth of any allegation by evidence; or 4) investigate any other matter. *Id.* at (b)(2). "Furthermore, "[o]nce the Clerk has entered a default against a defendant, the Court must treat all well-plead allegations in the Complaint as true." *Young v. Psychiatric Servs. of E. Tennessee, LLC*, No. 3:23-CV-362-KAC-JEM, 2025 WL 1089200, at *2 (E.D. Tenn. Apr. 7, 2025) (quoting *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013) (citing *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007))).

After the Clerk's entry of default, the United States met the requirement of filing a Motion for Default with the court in accordance with Rule 55. [Doc. 14]. Based upon the record before the court, the undersigned does not find a hearing to be necessary. In considering whether this matter is now in the proper posture for entry of a final default judgment, the undersigned has assessed whether the requirements of Rule G for a complaint for forfeiture *in rem* have been met, which include that the complaint:

> **(a)** be verified;
> **(b)** state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> **(c)** describe the property with reasonable particularity;

7

**(d)** if the property is tangible, state its location when any seizure occurred and--if different--its location when the action is filed;
**(e)** identify the statute under which the forfeiture action is brought; and
**(f)** state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Fed. R. Civ. P. Supp. R. G (2). After careful review, the undersigned finds that the Verified Complaint *In Rem* [Doc. 1] satisfies the requirements of Supplemental Rule G.

## III. CONCLUSION

Given that no verified claim has been filed in accordance with the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and for the reasons stated above, the undersigned **RECOMMENDS** that the United States' Motion for Default and Final Order of Forfeiture [Doc. 14] be **GRANTED**. The Court further **RECOMMENDS** that judgment be awarded to the government for the forfeiture of all Defendant properties.[6]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[6] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). Additionally, failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985).